UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT RUSH,

    Petitioner,

v.

AUSTIN S. RANDOLPH, JR.,

    Respondent.

Case No. 05-cv-587-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Robert Rush's Motion for Certificate of Appealability (Doc. 29), Motion for Leave to Appeal in Forma Pauperis (Doc. 30), and Motion to Appoint Counsel (Doc. 31). Rush filed his Notice of Appeal on April 17, 2008 appealing from the Court's Order denying his Motion for Reconsideration (Doc. 26) and the Court's Judgment denying his petition for a writ of habeas corpus (Doc. 24).

**I.    Certificate of Appealability**

Rush may not proceed on appeal on either the Court's judgment or the Court's denial of his motion for reconsideration without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *Rutledge v. United States*, 230 F.3d 1041, 1046-47 (7th Cir.2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542

1

U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.") The Court finds that Rush has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## II.     In Forma Pauperis

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Rush's affidavit that he is indigent. Furthermore, the Court does not believe that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed on appeal *in forma pauperis* without prepayment of fees and costs (Doc. 30).

## III.    Appointment of Counsel

This Court does not have the authority to appoint counsel on appeal; only the Court of Appeals can make such appointments once a notice of appeal has been filed.

## CONCLUSION

The Court **DENIES** Rush's Motion For Certificate of Appealability (Doc. 29). The Court **GRANTS** Rush's Motion for Leave to Appeal in Forma Pauperis (Doc. 30). The Court **DIRECTS** the Clerk of Court to **TRANSFER** the pending Motion to Appoint Counsel (Doc.31)

to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**
**DATED: May 1, 2008**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**